UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM P. ANDREWS ) | Case No. 1:06-CV-1356 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE ANN ALDRICH |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | Magistrate Judge |
| OF SOCIAL SECURITY, ) | William H. Baughman, Jr. |
| ) | |
| Respondent. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |

Before the court is plaintiff William P. Andrews' ("Andrews") appeal of Magistrate Judge William H. Baughman's Report and Recommendation ("R&R") (Doc. No. 25), recommending that the court affirm the order of the Administrative Law Judge ("ALJ") (TR 12) in favor of the Commissioner of Social Security ("the Commissioner"). Andrews has asked the court to reject Magistrate Judge Baughman's R&R and remand the case for further development of the record. For the following reasons, the court rejects Andrews' appeal and adopts the magistrate's R&R.

**Standard of Review**

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made. Local rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A district judge "shall make *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." (Id.).

Judicial review of a denial of benefits by the Commissioner of Social Security, "is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper standards were employed." *Hughey v. Comm'r of Soc. Sec.*, 46 Fed. Appx. 252, 252-53 (6th Cir. 2002). According to the Supreme Court, "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This standard "allows considerable latitude to administrative decision makers" and "presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

Additionally, the Sixth Circuit has held that the ALJ should only give the medical opinion of a treating physician great weight when that opinion is "supported by sufficient clinical findings and [is] consistent with the evidence." *Sullenger v. Comm'r of Soc. Sec.*, 255 Fed. Appx. 988, 994 (6th Cir. 2007). The "ultimate 'determination of disability is the prerogative of the [ALJ], not the treating physician.'" (Id.). (quoting *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).

**Discussion**

Andrews objects to the magistrate's findings in the R&R "on each issue raised" on the ground that the magistrate "concluded that the Commissioner's position was supported by substantial evidence." (Plaintiff's Objections at 1; Doc. No. 27).

Andrews objects to the ALJ's finding that Andrews' intellectual deficit is "more properly described as borderline intellectual functioning rather than mental retardation." (Plaintiff's

-2-

Objections at 3; Doc. No. 27). Andrews argues that this finding is "wholly inconsistent with the record and [is] not supported by substantial evidence," asserting instead, that his abilities "were well within the level of severity required by the listing during the developmental period." (Id.)

To this point, the court adopts the magistrate's reasoning regarding the applicability of IQ scores reported after the developmental period. (Report and Recommendation at 7; Doc. No. 25). Section 12.05(C) of the Code of Federal Regulations states that mental retardation exists where the claimant demonstrates "[a] valid verbal, performance, or full scale IQ of 60 through 70." (20 C.F.R. Part 404, Subpart P, Appendix 1, Section 12.05(C)). While it is clear from the record that Andrews' IQ and social functioning abilities are below average in many respects, the record does not support a finding that Andrews' impairments are severe enough to meet the listing's requirements. In the absence of such data, the ALJ's findings must be upheld.

Next, Andrews objects to the magistrate's findings regarding severe physical impairment and the determination that Andrews possesses a residual functional capacity ("RFC") without exertional limitations. On this point, Andrews argues that the ALJ's evaluation process was flawed because the ALJ did not take into consideration Andrews' "non-severe" impairments during the steps of the sequential evaluation. (Plaintiff's Objections at 6; Doc. No. 27) However, this court rejects Andrews' argument that the existence of a "possible error at step four" requires that the court remand the case for further consideration by the ALJ because there is nothing in the record to suggest that such a review would lead to a different conclusion. (Id.) Therefore, the court adopts the magistrate's determination that the ALJ did not err in his consideration of non-severe impairments because, as the magistrate states, "even if the ALJ had incorporated exertional limitations to the level of light work, the outcome here would have been the same." (Report and Recommendation at 10; Doc. No. 25).

Finally, Andrews objects to the magistrate's conclusion that the ALJ's credibility finding is supported by substantial evidence. (Plaintiff's Objections at 7; Doc. No. 27). Andrews points to the ALJ's findings, citing the lack of a discussion "of the factors outlined in 20 CFR § 404.1529(c)(3), 20 CFR § 416.929(c)(3) and SSR 96-7p." (Plaintiff's Objections at 8; Doc. No. 27). Andrews argues that because the ALJ's report makes specific mention of only two of the seven factors he is required to evaluate, the credibility finding cannot be supported by substantial evidence. However, Andrews does not offer any evidence or point to its location in the record that would suggest a fatal flaw in the ALJ's credibility finding or that it was contradicted by information available to the ALJ.

As the magistrate correctly pointed out, the ALJ is not required to include an analysis of each of the seven factors in his report. He is only required to "provide enough assessment to assure a reviewing court that he or she considered all the relevant evidence. (Report and Recommendation at 13; Doc. No. 25). Furthermore, because the ALJ has had the opportunity to observe Andrews and assess his complaints and condition, his determinations are entitled to deference. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001). It is clear from the transcript of the ALJ hearing on November 9, 2005 that the ALJ did in fact address Andrews' daily activities, the specifics of his symptoms, factors that affect his symptoms, type and dosage of medications and measures that Andrews has used to relieve his symptoms. (TR 289-300). Therefore, because this court cannot invalidate the ALJ's credibility finding without a compelling reason, the magistrate's R&R is adopted. *Smith v. Buxton,* 307 F.3d 377, 379 (6th Cir. 2001).

For the foregoing reasons, the court adopts the R&R in its entirety, and for the reasons stated therein, denies Andrews' motion to reverse or remand. Consequently, the Commissioner's decision is affirmed and the complaint is dismissed with prejudice. This order is final and appealable.

IT IS SO ORDERED.

                                                  */s/Ann Aldrich*
                                                  ANN ALDRICH
                                                  UNITED STATES DISTRICT JUDGE

**Dated: July 9, 2009**